# McCormick's Appeal. Hayes's Estate.

1. The rule in Black's Appeal, 8 Wright 503, that partnership and separate creditors are each in the first place remitted to their appropriate fund, affirmed.

2. A debtor partner is as much a debtor severally for what the firm has advanced him as he would be to another creditor.

3. Where both partners are indebted to the firm, the debt of either is only the balance which he owes on an adjustment of the account between them; and this balance is all which in case of insolvency would go to the creditors of the firm.

4. Houseal and Smith's Appeal, 9 Wright 484, explained.

5. Partnership creditors cannot come directly upon a fund of a deceased member of an insolvent firm, who was indebted to the firm. It is only the surviving partner who can claim as a separate creditor.

6. The right of creditors of a deceased partner attached to his estate at the time of his death and they must so remain.

7. The surviving partner can claim only the *half* of the balance due by the deceased partner to the firm.

8. The surviving partner's right to come on the individual fund stands as it did at the partner's death, and cannot come in for unpaid debts due by the firm.

February 1st 1867. Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ. STRONG, J., at Nisi Prius.

Appeal from the decree of the Orphans' Court of *Northumberland county*, distributing the estate of William Hayes, deceased.

William Hayes, the decedent, and Robert H. McCormick were partners in mercantile business from 1848 to July 1861, when Hayes died. At the time of his death he owed the firm about $17,600, and McCormick owed the firm about $11,205. Both of the partners individually and the firm were insolvent; and shortly after Hayes's death McCormick, as surviving partner, made an assignment of all the firm property for the benefit of its creditors.

Upon the settlement of the account of Hayes's administrators, the balance in their hands was $3207.60. Charles W. Tharp, Esq., was appointed auditor to distribute these assets amongst Hayes's creditors.

Before the auditor, the assignees claimed that they were entitled to come in on the fund in the administrators' hands for a dividend on the whole amount of Hayes's indebtedness to the

firm. The individual creditors of Hayes resisted the claim, urging that it was a partnership debt, and not entitled to any of the fund until all the individual creditors should be satisfied.

The auditor was of this opinion, and excluded the claim of the assignees; the Orphans' Court (Jordan, P. J.) confirmed his report.

The assignees appealed to the Supreme Court, who reversed the decree of the Orphans' Court.

The opinion of the Supreme Court was delivered, February 8th 1866, by

AGNEW, J.—The fund for distribution in this case arose from the separate estate of Hayes, the deceased partner. The assignee of the surviving partner claims payment out of this fund for a debt owing to the firm by Hayes at the time of his death. In the court below his claim was rejected on the ground that substantially it is a claim by the creditors of the partnership to come in upon the separate estate of the deceased partner, notwithstanding the existence of a fund of their own. The principle ruled in Black's Appeal, 8 Wright 503, is undoubtedly correct, that each class of creditors, partnership and separate, is remitted in the first place to its appropriate fund. But we think the court below, following the decision of the auditor, misapplied the doctrine. Is the debt of a partner to his firm for partnership effects withdrawn and appropriated to his separate use a partnership debt? We understand a partnership debt, in the sense of the authorities, to be that which a partnership owes to its creditors, not that which another owes to it, whether its debtor is one of the partners or some one else.

The debts which a firm owes come in upon the partnership estate; but why cannot the firm as a creditor come in upon the separate estate of a partner who owes it? He makes it his private debt, and is just as much a debtor severally for what the firm has advanced to him as he would be to another creditor. It is true, when his debt is paid it will go into the firm and form a part of its assets, and the firm creditors will then come in upon it as a part of their fund.

But this is not by reason of any claim they as creditors have upon the separate estate, but because the separate debt of the partner when paid becomes a new or secondary fund. Payment in this, as in all cases, simply changes the right of property in the money or thing paid.

But what is the separate debt which Hayes owed to Hayes & McCormick? The plaintiff in error claims it to be the whole sum of $17,000 appearing on the books of the firm against Hayes, while McCormick, the other partner, was indebted to the firm $11,000. We cannot admit this; it is the balance only which

[McCormick's Appeal.]

Hayes owed on an adjustment of the account between the partners. Each partner by taking out the effects of the firm becomes debtor to his partner and himself who constitute the firm. But the firm cannot sue him for it, for he is his own creditor. What he thus takes is withdrawn from the firm, and he is only liable to account for it to his partner, who must do equity before he can receive it, and thus an adjustment of the partnership affairs between them is necessary to determine the balance either way. It is only this balance which in case of insolvency would belong to the creditors of the firm. The argument that where the firm is insolvent, the whole debt of each of the partners, as it appears upon the books, may be collected for the benefit of the partnership creditors, is founded in misconception.

This is supposed to be a logical sequence, because each partner is severally as well as jointly liable for the debts of the firm. But the fallacy lies in the fact that the question here does not concern the liability of the partner, but the fund out of which the payment is to come. It is a question of the marshalling of assets in which the equities of each class of creditors must be preserved. The firm creditors have no standing in the distribution of the fund belonging to the separate estate, until the separate creditors are satisfied. It is only the surviving partner representing the firm who can claim as the separate creditor of his partner for the balance found due on the adjustment of the partnership affairs. It is therefore through him that the partnership creditors receive anything from the separate estate, and it is only when paid to him as a separate creditor by survivorship their interest attaches. They can claim nothing in their own right. The case of Houseal & Smith's Appeal, 9 Wright 484, is not in point. That was a case where the individual creditors of one of the partners asked to be let in upon the partnership assets on the ground that he was a creditor of the firm. But the difficulty which met them was, that the partner, under whose wing they attempted to shelter themselves, was himself the debtor of the partnership creditors, and they met him with a superior equity, which postponed his claim until they were satisfied, and, as a consequence, postponed his individual creditors who asked to be subrogated to his rights.

The decree of the Orphans' Court is therefore reversed, and it is ordered that the record be remitted to the said court, with direction to proceed to make distribution of the fund in accordance with the principle stated in the foregoing opinion.

The Orphans' Court again referred the matter to the same auditor, to make distribution, upon the principles declared in the opinion of the Supreme Court.

The auditor found that the assets of the firm of Hayes & Mc-

Cormick, in the hands of the assignees, was $6661.10; that the debts were $23,530.78, and that the amount for which the firm was liable was $16,869.68; that Hayes was individually liable for half this sum, $8434.84. He further found that after deducting the indebtedness of McCormick to the firm, from Hayes's indebtedness, Hayes still owed the firm $5585.45, and that the one-half of this, $2792.72, should be added to the above-mentioned sum of $8434.84, making together the sum of $11,227.56, which would be the amount Hayes owed to the firm. On this sum he allowed a dividend amounting to $1639.22, out of the estate of Hayes in the hands of his administrators.

He further reported an alternative distribution, on the theory that the dividend was to be estimated to the assignees on $2792.72; this distribution gave to the assignees $701.81.

The Orphans' Court set aside the distribution which the auditor had made, and decreed distribution in accordance with the alternative report.

From this decree the assignees appealed, and assigned it for error.

*J. W. Comly*, for appellant, referred to the above opinion of Justice Agnew; Phillips *v.* Atkinson, 2 Bro. C. C. 272; Wallace *v.* Fitzsimmons, 1 Dal. 250; Story on Part. § 346; Crawshay *v.* Collins, 2 Russ. 347; Act of 11th April 1848, § 4, Purd. 777, pl. 7, Pamph. L. 536.

*A. J. McGuffy* and *J. B. Packer*, for appellants, cited Black's Appeal, 8 Wright 503; Houseal & Smith's Appeal, 9 Id. 484; Walker *v.* Eyth, 1 Casey, 216; Singizer's Appeal, 4 Casey 524; Story on Part. 360; Doner *v.* Stauffer, 1 Penn. Rep. 198; Coover's Appeal, 5 Casey 9; Backus *v.* Murphy, 3 Wright 397.

The opinion of the court was delivered, March 21st 1867, by

AGNEW, J.—The appellant addresses to us the same argument he did when this case was here before. We answered it by saying its fallacy lay in the fact that the question does not concern the person but the *fund* out of which the payment is to come—it is a question of the marshalling of assets, in which the equities of each class of creditors must be preserved.

When Hayes died, the law undertook the settlement of his affairs. As the right of creditors then attached to his estate, when it fell *in gremium legis*, so they must remain. His debts were twofold in kind, those he owed in common with McCormick and their partnership creditors; and those he owed to his individual creditors. He left also two funds, his interest in the partnership effects which were bound to the payment of the partnership creditors through the instrumentality of the surviving partner,

[McCormick's Appeal.]

and his separate assets bound to the payment of his individual debts, through his administrators. Each fund being insufficient, neither class can receive anything from the opposite fund.

But Hayes had withdrawn from the partnership a portion of its effects for his individual use, which in point of fact had gone into the individual fund he left behind him. In equity he therefore owed the partnership individually. Yet he did not owe this to the partnership creditors, but to the firm composed of McCormick and himself. They could not sue him for this debt, but could avail themselves of it, through the equities of McCormick. McCormick could not sue Hayes in the name of the firm, for that would be to make Hayes sue himself, with an equal right to receive the sum recovered. Hence we said Hayes was only liable to account to his partner, who must do equity before he can receive anything from the individual fund. McCormick must bring into the account his own debt to the firm. The auditor finds Hayes's debt to the firm $16,790.13, and McCormick's $11,204.68. The difference, $5585.45, is all Hayes owed to the firm when he died. But as he was himself a member of the firm he owed one-half of this excess to himself, and the other half only to McCormick. It is this half only McCormick can claim from the individual fund. The character of this fund here displays itself. The individual creditors intervene and claim that their fund shall not be taken to pay to the survivor, the one-half which Hayes owed to himself, and that the partnership creditors shall not invoke payment of that half out of his individual assets through him. It is only the half therefore that McCormick could claim as an individual creditor which can be taken from the individual fund.

It is thought that as McCormick is liable to the partnership creditors for the whole debts, equity requires such a decree as will protect him by giving him an equivalent proportion of the individual fund. As between McCormick and Hayes, were he alive, this might be equity; but the argument overlooks the fact that we are dealing only with the fund, and the right which attaches to it at Hayes's death. At that time McCormick had not paid the partnership creditors. His right to come upon the individual fund therefore stands upon the account as it then was, and he cannot set aside the claim of the individual creditors, as they then attached by resorting to a prospective equity dependent upon his payment of the partnership debts. This he may not do. We are dealing with insolvent estates, and we have not only to preserve the equities between the partners themselves, but the rights of others, in a fund which fell into the lap of the law for distribution when Hayes died and left it. This can be done only by settling the equities of the partners, as well as the distribution of the fund as of that date.

The decree of the court below is affirmed.